UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD CLEAVE DOUGLAS,

        Plaintiff,                        Case No. 1:07-cv-17

v.                                            Honorable Gordon J. Quist

UNITED PARCEL SERVICE et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

### **Discussion**

I.   Factual allegations

Plaintiff is incarcerated in the Carson City Correctional Facility. In his *pro se* complaint, he sues the United Parcel Service (UPS) and Sandy Theriault, the business manager for the UPS branch located in Wyoming, Michigan. Plaintiff claims that Chad Goretzka, a prisoner incarcerated at the St. Louis Correctional Facility, was providing him with legal assistance with his post-conviction proceedings. When Goretzka was transferred to another facility, Plaintiff asked Michael Whack, another prisoner at the St. Louis Correctional Facility, to collect Plaintiff's legal materials from Goretzka and send them to Plaintiff's wife. In June 2005, Whack allegedly shipped twelve pounds of Plaintiff's legal materials via UPS to Plaintiff's wife in Grand Rapids. The legal materials included police reports, witness statements, original court documents and other documents related to Plaintiff's state criminal proceedings. Plaintiff contends that his wife never received the parcel. According to UPS, the package was delivered to the correct address on June 17, 2005. After several attempts to resolve the matter, Plaintiff sent correspondence directly to Defendant Theriault by certified letter/return receipt. On May 4, 2006, Theriault refused receipt of that correspondence.

Plaintiff claims that he needed the legal materials contained in the lost package to litigate his habeas corpus action in this Court. *See Douglas v. LaVigne*, No. 2:03-cv-171 (W.D. Mich.) He contends that Defendants' failure to deliver the package containing his legal materials violated his First Amendment right of access to the courts because he was unable to file specific objection to the Magistrate Judge's report and recommendation, which resulted in the denial of his habeas petition on August 30, 2005.

  II.  Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)). UPS is a private company. Plaintiff has not presented any allegations by which Defendants' conduct could be fairly attributed to the State. Because Defendants are not state actors, Plaintiff may not maintain a § 1983 action against them.

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Dated: May 14, 2007         /s/ Hugh W. Brenneman, Jr.
                                          Hugh W. Brenneman, Jr.
                                          United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).